IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROBERT JOHN CARRIER**                                                          **PETITIONER**

v.                                                    CIVIL ACTION NO. 3:19-CV-236-HTW-JCG

**WARDEN F. SHAW**                                                               **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Robert John Carrier. The Petition challenges Carrier's 1999 conviction for armed robbery. Respondent Warden F. Shaw has filed a Motion to Dismiss (ECF No. 10), alleging that Carrier's Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that Carrier's Petition is barred by the one-year statute of limitations and recommends that Respondent's Motion to Dismiss be granted and Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

### I. BACKGROUND

Carrier is a postconviction inmate in the custody of the Mississippi Department of Corrections. After a jury trial in the Circuit Court of Pike County, Mississippi, Carrier was convicted of armed robbery on September 28, 1999. He was sentenced as a habitual offender to a term of forty-seven years without the possibility of parole. He was also sentenced to serve six months each on two

contempt of court charges, with all three sentences to run consecutively to each other and to his sentences in Oregon, California, and Louisiana (ECF No. 10-1). Carrier appealed, but the Mississippi Court of Appeals affirmed his conviction. *Carrier v. State*, 815 So. 2d 1222 (Miss. Ct. App. 2001).

Carrier raised four issues during his state appeal:

1. The lower court erred in denying the motion to dismiss for lack of speedy trial.

2. The lower court erred in denying Carrier's requested jury instruction D-4 (a two-theory instruction).

3. The lower court erred in denying Carrier's motion for a mistrial made after the lower court made disparaging remarks against the character of Carrier's attorney.

4. The lower court erred in excluding the testimony of the proposed witness Louie Luzenia.

The Mississippi Court of Appeals found each of these issues to be without merit, affirmed his conviction, and denied his Motion for Rehearing. The Mississippi Supreme Court denied Carrier's Petition for Writ of Certiorari on May 9, 2002. *Carrier v. State*, 821 So. 2d 128 (Miss. 2002). Carrier did not file a petition before the United States Supreme Court.

On November 18, 2004, Carrier filed a Motion for Enlargement of Time (ECF No. 10-3) with the Mississippi Supreme Court, seeking an additional sixty days to file his "Notice of Post-Conviction Relief." Because the three-year period for filing a motion for post-conviction relief had not yet expired, the Mississippi Supreme Court dismissed his motion (ECF No. 10-4). Then, on December 28, 2004, Carrier filed an Application for Leave to Proceed in the Trial Court (ECF No. 10-5). In his attached

Motion for Post-Conviction Collateral Relief, he raised the same four grounds for relief that he raised on his direct appeal. Because his claims were decided on direct appeal, the Mississippi Supreme Court found that his application was "barred by the doctrine of res judicata pursuant to Miss. Code Ann. § 99-39-21(2) and should be dismissed" on January 28, 2005 (ECF No. 10-6).

The Court notes that Carrier has previously filed five petitions pursuant to § 2254, each of which has been dismissed without prejudice for failure to prosecute.[1] Carrier next initiated a 42 U.S.C. § 1983 lawsuit.[2] Although his complaint indicates it was signed on August 28, 2018, it was filed by the Court on June 15, 2018. Because Carrier could not maintain a § 1983 claim against the United States, Mississippi, or California, the Court dismissed Carrier's § 1983 claims, severed his habeas claims, and opened the present action (ECF No. 1) on April 5, 2019. In his original § 1983 petition, Carrier asked to be let go and given "what is his." He stated the trial judge and the Senate of California took him from California against his free will and the police and judges lied. On April 8, 2019, the Court ordered Carrier to complete the appropriate § 2254 form (ECF No. 4). Thereafter, the Court received Carrier's Amended Petition (ECF No. 5) on May 3, 2019; however, it was signed on April 26, 2019. In his four grounds for relief, Carrier attempts to cite various statutes; appears to be arguing immunity, slavery, and extradition; and merely

---

[1] *See* 3:04-cv-780-WHB-AGN (filed September, 24, 2004, dismissed February 23, 2005); 3:13-cv-421-CWR-LRA (filed July 2, 2013, dismissed October 21, 2013); 5-16-cv-51-DCB-JCG (filed June 8, 2016, dismissed September 27, 2016); 5:17-cv-7-DCB-RHW (filed January 17, 2017, dismissed May 16, 2017); and 5:18-cv-48-DCB-RHW (filed May 2, 2018, dismissed December 4, 2018).
[2] 3:18-cv-393-CWR-FKB.

3

states "RICO" in the space for supporting facts. He seeks release from jail and "back pay."

Respondent filed a Motion to Dismiss (ECF No. 10) on May 31, 2019, alleging that Carrier's Petition is barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(d). Respondent maintains that Carrier's "convictions became final for purposes of AEDPA on August 7, 2002, ninety (90) days after the Mississippi Supreme Court affirmed his convictions and sentences (May 9, 2002, plus ninety (90) days)." Therefore, because Carrier did not file his petition by August 7, 2003, and because he is not entitled to statutory or equitable tolling, Respondent argues that his Petition must be dismissed. In response (ECF No. 13), Carrier states that the Respondent cannot "lay before any grand jury impaneled by any district court of the United States any evidence concerning any alleged racketeering violation of law." He makes no arguments concerning the timeliness of his Petition. His letter (ECF No. 14) also does not make any arguments concerning the timeliness of his Petition. Respondent did not file a reply.

## II. DISCUSSION

### A. Standard of Review

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Analysis

Unless one of the narrow exceptions in 28 U.S.C. § 2244(d)(1)(B)-(D) apply, AEDPA requires that a federal habeas corpus petition be filed within one year of the date a petitioner's judgment of conviction becomes final, subject to statutory tolling for the period during which a properly filed motion for postconviction relief is pending in state court. *See generally Roberts v. Cockrell*, 319 F.3d 690 (5th Cir.

2003). Carrier has made no arguments with respect to the three exceptions, so they are not at issue here. Therefore, the only questions for the Court to resolve are when Carrier's conviction became final for purposes of AEDPA and if he is entitled to statutory or equitable tolling.

Ultimately, "federal law controls when a state conviction becomes final for purposes of section 2244(d)(1)(A)." *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005) (citing *Roberts*, 319 F.3d at 694). Carrier has offered no evidence to contradict the assertion that the Mississippi Supreme Court denied his Petition for Writ of Certiorari on May 9, 2002, nor has he made an assertion that he did in fact petition the United States Supreme Court. When a petitioner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment becomes final ninety days "following the entry of judgment by the state court of last resort." *Roberts*, 319 F.3d at 694. The "issuance of the mandate by the state court of appeals is of no consequence . . . ." *Id.* at 695. The judgment in Carrier's state case became final on August 7, 2002; therefore, his Petition for Writ of Habeas Corpus was due on or before August 7, 2003, unless he is entitled to statutory or equitable tolling.

Carrier did not file his state postconviction motion until late 2004, whereas the one-year statute of limitations began to run on August 7, 2002. As noted by the Respondent, a petition filed after the federal filing deadline has passed "cannot toll the one-year limitation period described in section 2244(d)(2)." *Baldwin v. Parker*, Civil Action No. 5:06-cv-58-DCB-MTP, 2006 WL 3858896, at *3 (S.D. Miss. Dec. 28, 2006) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). Because

Carrier took no action in the year after the state court judgment became final, his Petition is barred as untimely unless he can show he is entitled to equitable tolling.

However, Carrier has not done so. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available only in "rare and exceptional circumstances." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder,* 204 F.3d at 174). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder,* 204 F.3d at 171 (quoting *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999)). "As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain,* 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002)). Carrier's allegations of slavery and his references to RICO do not satisfy this standard. He has not demonstrated any rare or exceptional circumstances; therefore, he is not entitled to equitable tolling.

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that Respondent's

Motion to Dismiss be granted and Robert John Carrier's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 3rd day of October, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE